UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MELLO JOY DISTRIBUTING, LLC DBA MELLO JOY COFFEE COMPANY,**<br>    Plaintiff<br>**v.**<br>**LARUE DISTRIBUTING, INC. DBA LARUE COFFEE & ROASTERIE,**<br>    Defendant | **CIVIL ACTION NO.  6:16CV0247**<br><br>**JUDGE DOHERTY**<br><br><br>**MAGISTRATE JUDGE WHITEHURST** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR ALTERNATIVELY TO TRANSFER**

**BACKGROUND**

LaRue is a non-resident of the State of Louisiana. LaRue is a Nebraska corporation incorporated under the laws of the State of Nebraska with its only offices and headquarters in Omaha, Nebraska.  LaRue has no office, employee or property located in the State of Louisiana.

On or about February 3, 2016, Mello Joy filed suit against LaRue in the 15th Judicial District Court, Parish of Lafayette, Louisiana alleging breach of verbal contract for damages and for Declaratory Judgment or Rescission. LaRue was served with a copy of the Petition on February 8, 2016, and the suit was subsequently removed to this Court on February 23rd.  Mello Joy's Petition fails to set forth a *prima facie* case for personal jurisdiction over LaRue.  Indeed, the only statements concerning LaRue's contacts with the State of Louisiana involve an alleged oral contract between Mello Joy and LaRue which Mello Joy contends was entered into in August, 2014 (the "Oral Contract"). Mello Joy makes this assertion notwithstanding the undisputed existence of a written contract, which Mello Joy and LaRue entered on May 5, 2014, for the same terms and subject matter as the alleged Oral Contract and which contains a forum-

1

selection clause wherein the parties agree to have a Nebraska court litigate any disputes arising thereunder (the "Written Contract"). Mello Joy seeks to have the Written Contract declared invalid for lack of "one (1) or more necessary elements for a contract." More specifically, Mello Joy contends the Written Contract is invalid because it fails to set forth a specific price.

Mello Joy's reliance on conclusory statements in its Petition is insufficient to establish a *prima facie* case for personal jurisdiction over LaRue. Because LaRue does not reside in Louisiana, has no contacts with Louisiana, other than the Written Contract, and has not done anything to purposefully avail itself of the benefits and protections of Louisiana, this Court lacks both specific and general jurisdiction over LaRue. Additionally, venue in this Court is improper under 28 U.S.C. §1391. Therefore, this Court should dismiss Mello Joys Petition or transfer this case pursuant to 28 U.S.C. §1404(a) to the United States District Court for the District of Nebraska.

## LEGAL ANALYSIS

### A. MELLO JOY'S PETITION FAILS TO SET FORTH A *PRIMA FACIE* CASE FOR PERSONAL JURISDICTION OVER LARUE AND SHOULD BE DISMISSED

The Court must determine whether it is appropriate to dismiss *or* transfer the case; it cannot do both. *Herman v. Cataphora*; No. 12-30966, 730 F.3d 460, 463 (5th Cir. 2013).[1] This is because, once an action is dismissed, the order is final and appealable; therefore, the court no longer has authority over the matter and any contemporaneous or subsequent effort to transfer the case would be invalid. *Herman,* 730 F.3d at 463-464

When a court does not have personal jurisdiction, the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). In a motion to dismiss for lack of personal

---

[1] citing *Tootle v. Sec'y of Navy*, 446 F.3d 167, 172-73 (D.C. Cir. 2006); *HollyAnne Corp. v. TFT, Inc.,* 199 F.3d 1304, 1307 (Fed. Cir. 1999)

2

jurisdiction, the party invoking the court's jurisdiction bears the burden of establishing that a defendant has the requisite minimum contacts with the forum state to justify the court's jurisdiction, but must only make a *prima facie* showing. *Herman,* 730 F.3d at 463-464

For a court to possess personal jurisdiction over a nonresident defendant in Louisiana, the defendant must have both (1) purposely-established minimum contacts with the forum state ("purposeful availment") and, if so, the court hearing the case must not (2) offend traditional notions of fair play and substantial justice. *Bullion v. Gillespie, 89-1841,* 895 F.2d 213, 216 (5th Cir. 1990). To defeat LaRue's motion to dismiss for lack of personal jurisdiction, Mello Joy must make a *prima face* showing of jurisdiction over LaRue by coming forward with sufficient evidence to satisfy these criteria. *Johnston v. Multidata Sys. Int'l Corp*, 07–41232, 523 F.3d 602, 609 (5th Cir. 2008); see also *Seiferth v. Helicopteros Atuneros, Inc.*, 05–60860, 472 F.3d 266, 270 (5th Cir. 2006); *Stuart v. Spademan*, 84–1634, 772 F.2d 1185, 1192 (5th Cir. 1985) ("When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." (citations omitted)

While the court must accept jurisdictional allegations in the complaint as true, the court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 00–11158, 253 F.3d 865, 868-69 (5th Cir. 2001) (per curiam); *see also Searcy v. Knight (In re Am. Int'l Refinery)*, Nos. 04-21331, 04-21332, 2009 Bankr. LEXIS 5586, *13, 2009 WL 8602809, *4 (Bankr. W.D. La. 2009) ("Where, as here, the defendant disputes the plaintiff's jurisdictional allegations, the plaintiff cannot rely solely on unsupported allegations in the complaint.").

Mello Joy's bare and counterintuitive assertion that the parties entered into an Oral Contract, approximately two months after entering into a Written Contract, and that the Oral

Contract was conveniently entered into in Louisiana is insufficient to establish a *prima facie* case for personal jurisdiction.  The evidence before this Court does not support Mello Joy's position; rather, Exhibit A, the Roasted Coffee Manufacturing Agreement, attached to Mello Joy's Petition, makes it clear that the parties entered into the Written Contract and explicitly agreed to have any dispute litigated in a Nebraska court.

### B.     THIS COURT LACKS PERSONAL JURISDICTION OVER LARUE

> In diversity actions such as this, federal courts may exercise jurisdiction over a non-resident defendant only to the extent that a state court within the federal court's district could exercise jurisdiction. The reach of this jurisdiction is defined by: (1) the long-arm statute of the forum state; and (2) the Due Process Clause of the Fourteenth Amendment for the Federal Constitution. ***
>
> "The limits of the Louisiana long-arm statute are coextensive with the constitutional due process limits. Therefore, the inquiry is whether jurisdiction comports with federal constitutional guarantees."

*Luv N Care, Ltd. v. Angel Juvenile Products,* 3:11-1878, 2015 WL 5430255, at *3 (W.D. La. 2015) (footnotes and citations omitted); see also, *Jackson v. Tanfoglio Giuseppe, S.R.L.,* 09–30870, 615 F.3d 579, 584 (5th Cir. 2010)

There are two types of personal jurisdiction: general and specific. General jurisdiction exists when a defendant's contacts are so continuous and systemic as to render the corporation essentially at home in the forum. *Tafaro v. Innovative Discovery, LLC*, 89 F. Supp.3d 867, 869 (E.D. La. 2015) (citations omitted). Specific jurisdiction arises when there are sufficient pre-litigation contacts between the defendant and the forum, the connection has been purposefully established by the defendant, and the defendant's activities in the forum give rise to the claim. *Tafaro,* 89 F.Supp.3d at 869

When determining whether personal jurisdiction exists, courts may consider "the contents of the record at the time of the motion, including affidavits." *Paz v. Brush Engineered Materials,*

*Inc.*, Nos. 05–60157, 05–60388, 445 F.3d 809, 812 (5th Cir. 2006) (internal quotation marks and citations omitted).

    **1.    General Jurisdiction over LaRue is lacking.**

General jurisdiction exists if the defendant has had "substantial, continuous, and systematic contacts" with the forum state, regardless of whether those contacts are related to the plaintiff's cause of action, such that imposition of jurisdiction would not offend the Due Process Clause. *Johnston*, 523 F.3d at 609, 610 (citing *Helicopters Nacionales de Colombia S.A v. Hall*, 82-1127, 466 U.S. 408, 414-19 (1984). However, for purposes of general jurisdiction, the "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between the defendant and a forum." *Johnston*, 523 F.3d at 609.[2] "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction."[3] *Johnson*, 523 F.3d at 611 The Fifth Circuit has consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues. *Johnston*, 523 F.3d at 611.

Recently, in 2014, the United States Supreme Court held that under normal circumstances, "[g]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially 'at home' in the forum State, i.e., comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 11–965, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). Since the *Daimler* decision, federal and state courts have significantly narrowed the application of general personal jurisdiction. In *Daimler*, the Supreme Court "declined to stretch general jurisdiction beyond limits traditionally recognized," finding that "general jurisdiction has

---

[2]    citing *Submersible Sys., Inc. v. Perforadora Cent., S.A.,* 249 F.3d 413, 419 (5th Cir.2001)
[3]    citing *Moncrief Oil Int'l Inc. v. OAO Gazprom,* 481 F.3d 309, 312 (5th Cir.2007) (citation omitted)

come to occupy a less dominant place in the contemporary scheme." *Daimler*, 134 S. Ct. at 755, 757-58 (footnote omitted). The *Daimler* Court made clear, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760. As such, general jurisdiction arises when the defendant's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler*, 134 S.Ct. at 754[4]

As with individuals who are subject to personal jurisdiction where they are domiciled, the *Daimler* Court held that the equivalent of domicile—the place of incorporation and principal place of business—should be the basis for general jurisdiction over corporations. *See Daimler*, 134 S. Ct. at 760 (quoting *Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54, 180 L. Ed. 2d 796 (2011). A corporation is not "at home" in "every State in which [it] 'engages in a substantial, continuous, and systematic course of business.'" *Daimler*, 134 S. Ct. at 760-61. "General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler,* 134 S.Ct at 762 n.20. "Otherwise, 'at home' would be synonymous with 'doing business' tests," which would merge the tests for general and specific jurisdiction. *Daimler,* 134 S.Ct. at n.20. In other words, the test is "not [simply] whether [the] corporation's in-forum contacts can be said to be in some sense 'continuous and systematic.'" *Daimler,* 134 S.Ct. at 761 (citation omitted). It is the exceptional case that "a corporation's operations in a forum other than its formal place of incorporation or principal place of business [are] so substantial and of such a nature as to render the corporation at home in that State." *Daimler,* 134 S.Ct at 761 n.19[5]

---

[4] quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)

[5] citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952)

6

Contacts sufficient to establish general jurisdiction are lacking here. LaRue has never conducted business in Louisiana, and notwithstanding Mello Joy's assertion to the contrary, did not enter into an oral contract with Mello Joy in August of 2014.[6]  Pursuant to the Written Contract, LaRue was to roast, grind, package and ship coffee for Mello Joy.  All of those activities occurred in Omaha, Nebraska, at LaRue's corporate headquarters.[7] LaRue is a Nebraska corporation with its principal place of business located in Omaha, Nebraska.[8] LaRue markets and manufactures its products from its offices in Omaha, Nebraska.[9] LaRue has never been registered to conduct business in Louisiana.[10]  LaRue has never owned real estate in Louisiana and has never maintained an office there.[11]  LaRue has never maintained a telephone number or mailing address in Louisiana.[12] LaRue has never had any agents, sales staff, or other employees in Louisiana.[13] LaRue has never had a bank account or other financial tie with Louisiana.[14]  LaRue has never paid taxes to the State of Louisiana or any political subdivision therein.[15] Finally, and most notably, the Written Contract between the parties states that any disputes arising over the terms of the Written Contract shall be resolved in a Nebraska court. Because Mello Joy's Petition fails to set forth a *prima facie* case for personal jurisdiction over LaRue, this Court should dismiss the Petition or follow the clear intent of the parties and transfer this case to the United States District Court for the District of Nebraska.

---

[6]   Exhibit 1, Affidavit of Terry Herr at ¶ 16 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 16

[7]   Exhibit 1, Affidavit of Terry Herr ¶ 17 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 18

[8]   Exhibit 1, Affidavit of Terry Herr at ¶ 6 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 6

[9]   Exhibit 1, Affidavit of Terry Herr at ¶ 8 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 8

[10]  Exhibit 1, Affidavit of Terry Herr at ¶ 9 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 9

[11]  Exhibit 1, Affidavit of Terry Herr at ¶ 10 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 10

[12]  Exhibit 1, Affidavit of Terry Herr at ¶ 11 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 11

[13]  Exhibit 1, Affidavit of Terry Herr at ¶ 12 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 12

[14]  Exhibit 1, Affidavit of Terry Herr at ¶ 13 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 13

[15]  Exhibit 1, Affidavit of Terry Herr at ¶ 14 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 14

Additionally, to the extent Mello Joy asserts that coffee LaRue processed was sold in Louisiana, this would not give rise to general personal jurisdiction. A key factor to the Court's holding in *Daimler* was that Daimler's connections to the forum were only a small fraction of its national and worldwide business. "General jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Daimler*, 134 S.Ct. at 762 n.20. To find general personal jurisdiction under the "exceptional case" the court must compare the foreign corporation's forum affiliations with the totality of its national and global activities. If the foreign corporation's business is significant in the forum, but relatively small compared to its entire business, general jurisdiction will not exist. Otherwise, "the same global reach would presumably be available in every other State in which [the corporation's] sales are sizeable." *Daimler*, 134 S.Ct. at 761. "Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Daimler*, 134 S.Ct. at 761-62 (citation omitted). Thus, a corporation must conduct its principal business activities in the forum state in such a way as to properly be considered "comparable to a domestic enterprise in that State." *Daimler*, 134 S.Ct. at 758 n.11. Under no circumstances can LaRue be considered a domestic enterprise in Louisiana.[16]

The Fifth Circuit has held that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 13–50941, 768 F.3d 429, 432 (5th Cir. 2014). Mello Joy cannot establish that LaRue's "'affiliations with [Louisiana] are so "continuous and systematic" as to render [it]

---

[16] See Exhibit 1, Affidavit of Terry Herr and Exhibit 2, Affidavit of Verlyn L'Heureu

essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 761; see also *Tafaro*, 89 F. Supp. 3d at 874 [17]

As such, there is no basis for this Court to assert general jurisdiction over LaRue and Mello Joy's Petition should be dismissed.

### 2. This Court Lacks Specific Jurisdiction Over LaRue

"An individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts in the other party's home forum to exercise specific jurisdiction. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 11–5009, 688 F.3d 214 (5th Cir. 2012).

Assuming, without conceding, the Oral Contract, in fact, exists, Mello Joy still cannot establish specific jurisdiction over LaRue on this basis alone. Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 12–574, 134 S.Ct. 1115, 1121 (2014). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden,* 134 S.Ct. at 1121. Further, specific jurisdiction exists if the non-resident defendant "'purposefully directed' his activities at residents of the [relevant] forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities[.]" *Burger King. v. Rudzewicz*, 83–2097, 471 U.S. 462, 472-73 (1985).

"[T]he existence of a contractual relationship, although relevant, does not automatically establish sufficient minimum contacts." *Dickson Marine Inc. v. Panalpina, Inc.*, 97–30872, 179 F.3d 331, 337 (5th Cir. 1999).[18] A contract is merely an intermediate step serving to tie up prior consequences which themselves are the real object of the business transaction. *Pervasive*, 688 F.3d at 223.

---

[17]   quoting *Daimler*, 134 S. Ct. at 754

[18]   citing, *Burger King Corp.*, 471 U.S. at 474; see also *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, No. 11–50097, 688 F.3d 214 (5th Cir. 2012)

The factors of prior negotiations and contemplated future consequences, along with the terms of a contract and the parties' actual course of dealing, must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum. *Pervasive,* 688 F.3d 214. In *Holt Oil & Gas Corp. v. Harvey*, 85–1491, 801 F.2d 773 (5th Cir. 1986), the Fifth Circuit held that a Texas trial court lacked specific jurisdiction over a party who had entered into a contract in Texas. Specifically, the court held that, despite the fact that the "contractual relationship between Holt and Harvey may have been cemented in Texas," no specific jurisdiction existed. "[T]he exchange of communications between Texas and Oklahoma in the course of developing and carrying out the contract was, in and of itself, also insufficient to constitute purposeful availment of the benefits and protections of Texas law." *Holt*, 801 F.2d 773, 778 (5th Cir. 19860; see *Paz,* 764 F.2d at 1147 (numerous telephone calls from defendant to forum during course of performance insufficient to support specific jurisdiction); *see also e.g., Stuart,* 772 F.2d at 1193; *Benjamin v. Western Boat Building Corp.,* 72-1058, 472 F.2d 723, 729 (5th Cir. 1973), *cert. denied,* 414 U.S. 830, 94 S.Ct. 60, 38 L.Ed.2d 64 (1973). In the matter at bar, there simply is no basis for the assertion of specific personal jurisdiction over LaRue. Indeed, the only fact remotely relevant to the inquiry is the existence of the alleged Oral Contract, which LaRue vehemently denies and for which there is no factual or logical support.

When one examines these facts in light of the Written Contract and its choice of forum clause, only one conclusion can be drawn – specific jurisdiction is lacking. LaRue did not purposefully avail itself of the privileges and benefits of conducting business in Louisiana. LaRue's suit-related conduct does not create a substantial connection with Louisiana. And, LaRue did not "purposefully directed its activities at residents of Louisiana. *See, e.g.*, *Tafaro*, 89 F. Supp.3d 867 (finding the plaintiffs had not presented a *prima facie* case for specific jurisdiction over the defendants).

10

**C.    VENUE IN LAFAYETTE, LOUISIANA IS IMPROPER**

This Court should dismiss Mello Joy's Petition for the additional reason that venue is improper in Lafayette, Louisiana. Alternatively, this case should be transferred to the United States District Court for the District of Nebraska. 28 U.S.C. §1391(b) provides generally for venue in civil cases, stating in relevant part: "[a] civil action may be brought in . . . (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C.A. §1391.

Dismissal for improper venue is governed by 28 U.S.C. § 1406. Under that statute, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406 (a). In ruling upon an objection to venue pursuant to Fed. R. Civ. P. 12(b)(3), the burden once again lies with the plaintiff to show that venue is proper. *See Ross v. Digioia*, No. 11-1827, 2012 WL 72703, at *2, 2012 U.S. Dist. LEXIS 2748, *5-8 (E.D. La. 2012) ("When venue is challenged, the burden is on the plaintiff to establish that the district he chose is a proper venue." (citations omitted)). Further, where there are multiple claims, the plaintiff bears the burden of showing that venue is appropriate for each claim. *Ross*, 2012 WL 72703

Mello Joy's Petition is totally devoid of any reference to venue.[19] Because LaRue is not a resident of Louisiana and because the events giving rise to this action did not occur in Louisiana, there is no basis for venue in Louisiana under 28 U.S.C. §1391(b).

LaRue has never conducted business in Louisiana, and notwithstanding Mello Joy's assertion to the contrary, did not enter into an oral contract with Mello Joy in August of 2014. Pursuant to the Written Contract, LaRue was to roast, grind, package and ship coffee for Mello Joy. All of those activities occurred in Omaha, Nebraska, at LaRue's corporate headquarters.[20] LaRue is a Nebraska corporation with its principal place of business located in Omaha, Nebraska.[21] LaRue markets and manufactures its products from its offices in Omaha, Nebraska.[22] LaRue has never been registered to conducted business in Louisiana.[23] LaRue has never owned real estate in Louisiana and has never maintained an office there.[24] LaRue has never maintained a telephone number or mailing address in Louisiana.[25] LaRue has never had any agents, sales staff, or other employees in Louisiana.[26] LaRue has never had a bank account or other financial tie with Louisiana.[27] LaRue has never paid taxes to the State of Louisiana or any political subdivision therein.[28] Finally, and most notably, the Written Contract between the parties states that any disputes arising over the terms of the Written Contract shall be resolved in a Nebraska court. Simply put, Mello Joy has failed to meet its burden to establish proper venue. Indeed, the

---

[19] See Petition, Exhibit 1 to Rec. Doc. 2

[20] Exhibit 1, Affidavit of Terry Herr at ¶ 17 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 18

[21] Exhibit 1, Affidavit of Terry Herr at ¶ 6 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 6

[22] Exhibit 1, Affidavit of Terry Herr at ¶ 8 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 8

[23] Exhibit 1, Affidavit of Terry Herr at ¶ 9 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 9

[24] Exhibit 1, Affidavit of Terry Herr at ¶ 10 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 10

[25] Exhibit 1, Affidavit of Terry Herr at ¶ 11 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 11

[26] Exhibit 1, Affidavit of Terry Herr at ¶ 12 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 12

[27] Exhibit 1, Affidavit of Terry Herr at ¶ 13 and Exhibit 2, Affidavit ofVerlyn L'Heureux at ¶ 13

[28] Exhibit 1, Affidavit of Terry Herr at ¶ 14 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 14

evidence before this Court compels the conclusion that venue is improper and makes it incumbent upon this Court to dismiss Mello Joy's Petition.

**1. If not dismissed, this case should be transferred to the United States District Court for the District of Nebraska.**

In the alternative, and if not rendered moot by the Court's dismissal of Mello Joy's Petition pursuant to Rule 12(b)(2) or Rule 12(b)(3), then, in accordance with the forum-selection clause contained in the Written Agreement, 28 U.S.C. §1404(a) and controlling precedent, including *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 12–929, 134 S.Ct. 568 (2013), the Court must transfer this case to the United States District Court for the District of Nebraska.

28 U.S.C. §1404(a) provides for the transfer of a case to the venue the parties agreed upon by contract and states in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. §1404. For the reason already discussed, Nebraska is the proper venue. Most importantly, the parties have expressly agreed to litigate any disputes in Nebraska.[29]

In *Atlanta Marine,* 134 S.Ct 568, 581, the U.S. Supreme Court held: " … federal courts will enforce valid forum-selection clauses in "all but the most exceptional cases." Enforcement of a valid forum-selection clause protects the legitimate expectations of the parties and "further[s] the vital interests of the justice system." *Atlanta Marine,* 134 S.Ct. at 581. In the "interest of justice, a valid forum-selection clause should be given controlling weight" in the application of 28 U.S.C. § 1404(a). *Atlanta Marine,* 134 S.Ct. 568.

---

[29] See Petition and attachments, Exhibit 1 to Rec. Doc. 2; see also Exhibit 1, Affidavit of Terry Herr at ¶ 18 and Exhibit 2, Affidavit of Verlyn L'Heureux at ¶ 18

13

The Fifth Circuit has held that federal law applies to determine the enforceability of forum-selection clauses in both diversity and federal question cases. *Haynsworth v. The Corp.*, 96–20769, 96–20805, 121 F.3d 956, 962 (5th Cir. 1997). According to federal law, "such clauses 'are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Mendoza v. Microsoft, Inc*, 5:13–CV–378–DAE, 1 F.Supp.3d 533, 543 (W.D. Tex. 2014). The presumption of enforceability of a forum-selection clause in a contract may be overcome by a clear showing that the clause is unreasonable under the circumstances. *Id*. "A party resisting the enforcement of a forum selection clause on grounds that the clause is unreasonable under the circumstances bears a heavy burden of proof." *Haynsworth v. The Corp.*, 96–20769, 96–20805, 121 F.3d 956 (5th Cir. 1997).

The forum-selection clause contained within the Written Contract is not unreasonable and, therefore, is enforceable. In *Haynsworth*, 121 F.3d at 963, the Fifth Circuit identified four factors a court should examine when determining whether a forum-selection clause is unreasonable, including whether:

> (a) the incorporation of the forum selection clause into the agreement was the product or fraud or overreaching; (b) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of grave inconvenience or unfairness of the selected forum; (c) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (d) enforcement of the forum selection clause would contravene a strong public policy of the forum state." [30]

### i. The forum selection clause is not the product of fraud or overreaching.

There is no dispute that the forum-selection clause to which Mello Joy agreed was clearly presented to it and executed by Mello Joy. [31] There is simply no evidence to suggest that Mello

---

[30] See also *Carnival Cruise Lines, Inc. v. Shute*, 89-1647, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17, 92 S. Ct. 1907, 1917, 32 L. Ed. 2d 513 (1972)

[31] Petition at ¶ 8, Exhibit 1 to Rec. Doc. 2

Joy did not have an opportunity to view and read the Written Contract or that the Written Contract was the product of fraud or overreaching.

### ii. Mello Joy will not be deprived of its day in court and will not be deprived of any remedy.

As discussed more fully below, the United States District Court for the District of Nebraska has both subject matter and personal jurisdiction over the parties and this case. Mello Joy will have the same opportunity to pursue its claim in that Court as it would here. Transfer of this case to the United States District Court for the District of Nebraska will not deprive Mello Joy if its day in court or any other rights or remedies.

### iii. There is no public policy against transferring this case.

As previously discussed, none of the operative facts giving rise to this matter occurred in Louisiana; instead, all roasting, grinding, packaging, and shipping to be done by LaRue under the Written Contract was to be done in Nebraska. LaRue has not directed any of its activities towards the residents of Louisiana other than Mello Joy.[32] There is no public policy that would be served by not transferring this case. In fact, litigating the case in Louisiana would waste the time and resources of this Court and the parties as it would be more convenient to litigate this matter in Nebraska, given all the operative facts occurred there.

Because the forum-selection clause contained in the Written Contract is not a product of fraud or overreaching, will not deprive Mello Joy of its day in Court or any remedies, and is not contrary to Louisiana public policy, it is enforceable. For the reason stated *supra*, this Court should dismiss Mello Joy's Petition as it has failed to establish proper venue with this Court. Alternatively, if this Court determines that dismissal is not proper, LaRue requests that the Court use its discretion to transfer the case to the United States District Court for the District of

---

[32]  See Exhibit 1, Affidavit of Terry Herr and Exhibit 2, Affidavit of Verlyn L'Heureux

Nebraska, where LaRue is headquartered, where the operative facts giving rise to this matter occurred, and where the parties expressly agreed to have such a dispute litigated.

### D. THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA HAS JURISDICTION OVER THE PARTIES

To bring a claim in a Nebraska federal court, the Nebraska court must have personal jurisdiction over the nonresident defendants. When determining whether a defendant has personal jurisdiction in Nebraska, a court will first examine whether the Nebraska long-arm statute extends over the defendant. *Kugler Co. v. Growth Products Ltd., Inc.,* 265 Neb. 505, 510, 658 N.W.2d 40, 46 (2003). Nebraska statute section 25-536 is Nebraska's long-arm statute, which expressly extends Nebraska's jurisdiction over nonresidents to the extent the U.S. Constitution permits. *Kugler,* 265 Neb. at 511, 658 N.W.2d at 47. Next, a court will determine whether "minimum contacts exist between the defendant and the forum state for personal jurisdiction over the defendant without offending due process." *Kugler,* 265 Neb. at 510, 658 N.W.2d at 46. "To subject an out-of-state defendant to personal jurisdiction in a forum court, due process requires that the defendant have certain minimum contacts with the forum state so as not to offend "'traditional notions of fair play and substantial justice.'" *Kugler,* 265 Neb at 511, 658 N.W.2d at 47. Thus, there is a two-step process for determining whether an out-of-state defendant is subject to personal jurisdiction in a Nebraska court: (1) whether the defendant has minimum contacts and (2) whether asserting personal jurisdiction over the determine will conform with fair play and substantial justice. *Id.* at 511-12, 658 N.W.2d at 47.

The most important question when determining minimum contacts is whether the defendant should have reasonably anticipated being haled into court in Nebraska. *Kugler,* 265 Neb at 512, 658 N.W.2d at 47. "It is essential in each case that there be some act by which the defendant purposely avails himself or herself of the privilege of conducting activities within the

forum state, thus invoking the benefits and protections of its laws." *Kugler,* 265 Neb. at 512, 658 N.W.2d at 47.

A defendant need not be physically present in the forum for it to have personal jurisdiction. *Id.* "The existence of a contract with a party in a forum state or the mere use of interstate facilities, such as telephones and mail, does not, in and of itself, provide the necessary contacts for personal jurisdiction." *Kugler,* 265 Neb at 512, 658 N.W.2d at 47-48. When determining whether a defendant has minimum contacts, a court will consider "prior negotiations between the parties and contemplated consequences." *Kugler,* 265 Neb. at 512, 658 N.W.2d at 48. If the parties formed a long-term commercial relationship that involved numerous transactions, communications, and meetings over the course of several years, jurisdiction may be asserted over the defendant. *Malone v. Kantner,* No. 4:12-CV-3190, 2014 WL 2858246, at *10 (D. Neb. June 23, 2014).

If the defendant has minimum contacts, the court will determine whether "the exercise of personal jurisdiction would conform with fair play and substantial justice." *Kugler,* 265 Neb. at 514, 658 N.W.2d at 49. A court will consider the following factors when making this determination:

  (1) The burden on the defendant;
  (2) The interest of the forum state;
  (3) The plaintiff's interest in obtaining relief;
  (4) The judicial system's interest in obtaining the most efficient resolution of controversies; and
  (5) The shared interest of the several states in furthering fundamental substantive social policies.

*Id.* "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Id.* When a defendant "who purposefully has directed his or her activities at forum residents seeks to defeat jurisdiction, the defendant must present a compelling case that the presence of some other

considerations would render jurisdiction unreasonable." *Id.* The defendant having to travel is not a compelling reason to render jurisdiction unreasonable when the defendant has engaged in economic activity in the forum state. *Id.* at 514-15, 658 N.W.2d at 49. In *Diversified Telecom Services, Inc. v. Clevinger,* 268 Neb. 388, 399, 683 N.W.2d 338, 348 (2004). the court considered the fact that the defendant had to travel to Nebraska, that the witnesses were located in Michigan, and that the plaintiffs had conducted business in Michigan. Nonetheless, the court determined that because the defendant had purposely availed himself to the benefits and protections of the laws of Nebraska, Nebraska had a significant interest in adjudicating the suit regardless of the previous facts, and thus, the Nebraska court asserted personal jurisdiction over the defendant. *Id*. Because the operative facts giving rise to this matter occurred in the state of Nebraska and because the parties agreed in writing to have a Nebraska court litigate any disputes arising from the Written Contract between them, jurisdiction exists in Nebraska and transfer there is appropriate under 28 U.S.C.A. §1404.

## CONCLUSION

In conclusion, for the reason stated *supra*, this Court should dismiss Mello Joy's Petition for lack of personal jurisdiction over LaRue and improper venue. Alternatively, if this Court determines that dismissal is not proper, LaRue requests that the Court use its discretion and transfer the case to the United States District Court for the District of Nebraska, where LaRue is headquartered, where the operative facts giving rise to this matter occurred, and where the parties hereto expressly agreed to have such a dispute litigated.

Respectfully Submitted,

LARUE DISTRIBUTING, INC. d/b/a
LARUE COFFEE & ROASTERIE, Defendant

/s/ Sara R. Buggs
NEUNERPATE
JAMES L. PATE (#10333)
jpate@neunerpate.com
SARA R. BUGGS (#32660)
sbuggs@neunerpate.com
One Petroleum Center
1001 West Pinhook Road, Suite 200
Lafayette, LA 70503
Tele: (337)237-7000; Fax: (337)233-9450

/AND/

PANSING HOGAN ERNST & BACHMAN LLP
10250 Regency Circle, Suite 300
Omaha, NE 68114
Tele: (402) 397-5500; Fax: (402) 397-3834
By:   David L. Welch, #18881
       William E. Rooney, III #24281
       dwelch@pheblaw.com
       wrooney@pheblaw.com

**Counsel for LaRue Distributing, Inc. d/b/a
LaRue Coffee & Roasterie**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2016, a copy of the above and foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system and U.S. Mail.

     /s/ Sara R. Buggs
           COUNSEL